# IN THE COURT OF APPEALS OF IOWA

No. 17-1365
Filed October 10, 2018

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**ALAN NIGEL ARCHIBALD JR.,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Polk County, Michael D. Huppert,

Judge.


        Alan Nigel Archibald Jr. appeals from his convictions following bench trial

and denial of his motion for a new trial. **AFFIRMED.**



        Mark C. Smith, State Appellate Defender, and Robert P. Ranschau,

Assistant Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, and Genevieve Reinkoester, Assistant

Attorney General, for appellee.



        Considered by Danilson, C.J., and Vogel and Tabor, JJ.

**DANILSON, Chief Judge.**

Alan Nigel Archibald Jr. appeals from his convictions following bench trial for multiple offenses. On appeal, Archibald argues that the district court erred when it denied his motion for a new trial because the verdict was against the weight of the evidence.

In ruling on a motion for new trial where the defendant contends the verdict is against the weight of the evidence, our review is for an abuse of the considerable discretion granted the district court. *State v. Grant*, 722 N.W.2d 645, 648 (Iowa 2006). "The granting of a new trial based on the conclusion that a verdict is against the weight of the evidence is reserved for those situations in which there is reason to believe that critical evidence has been ignored in the fact-finding process." *Id.* at 648-49. On appeal, this court is limited to examining the evidence produced at trial to determine whether the district court's determination that the evidence did not "preponderate heavily against the verdict" was a "clear and manifest abuse of discretion." *State v. Neiderbach*, 837 N.W.2d 180, 216 (Iowa 2013) (citation omitted). We do not sit to judge the credibility of witnesses nor to reweigh the evidence. *See id.* at 211-12 (citing *United States v. Ashworth*, 836 F.2d 260, 266 (6th Cir. 1988)).

Archibald argues the verdict was against the weight of the evidence. The crux of Archibald's argument is that the State's witnesses' testimony was inconsistent and the witnesses lacked credibility. The district court generally accepted the version of events as told by the State's witnesses. The court was aware of the relationships between the witnesses and was aware of the proffer agreements between the witnesses and the State. Despite some inconsistencies

regarding how many stops were made, who orchestrated the burglary and robbery, and the exact manner of the shooting, the State's witnesses' testimony agreed when it came to Archibald's actions. Further, the witnesses' testimony was corroborated by physical and circumstantial evidence. The court found Archibald guilty of attempt to commit murder, in violation of Iowa Code section 707.11 (2017); robbery in the first degree, in violation of sections 711.1(a),(b) and 711.2; burglary in the second degree, in violation of sections 713.1 and 713.5(a); possession of a controlled substance (marijuana) with intent to deliver, in violation of section 124.401(1)(d); conspiracy to deliver a controlled substance (marijuana), in violation of section 124.401(1)(d); failure to possess a tax stamp (marijuana), in violation of section 124.401(1)(d); and possession of a firearm as a convicted felon, in violation of section 724.26(1).

This case does not present a situation in which there is reason to believe that critical evidence was ignored in the fact-finding process. *See Grant*, 722 N.W.2d at 648-49. Archibald testified at trial and denied being involved in the burglary, robbery, or shooting. The district court explicitly rejected Archibald's testimony as lacking credibility. The only evidence in the case that weighed against the verdict was Archibald's discredited testimony. We find no clear and manifest abuse of discretion and therefore affirm.

**AFFIRMED.**